1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TREMAYNE CARROLL,

Petitioner,

v.

RALPH DIAZ, Warden,

Respondent.

Case No.:  20-CV-1651 JLS (MDD)

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner Tremayne Carroll, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, and proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1).  Petitioner claims his federal constitutional rights have been violated by inadequate medical care; retaliatory destruction of his legal papers and interference with his access to the courts; a failure to accommodate his disabilities; and a failure properly to calculate his sentence, including erroneous application and loss of custody credits and a failure to properly recalculate his sentence of conviction in light of his challenges under Propositions 36 and 57.  *Id*. at 1–6.  He seeks release from custody due to his medical conditions and because prison authorities are encouraging inmates to kill him.  *Id.* at 6.  Petitioner references two other cases he has filed in this Court, *Carroll v. Pollard*, No. 20-CV-10 BAS (BGS) (S.D. Cal. filed Jan. 2, 2020) (the "Prior Petition"), a habeas case filed pursuant to 28 U.S.C. § 2254 that was dismissed

1  without leave to amend but without prejudice to file a new habeas petition (apparently the

2  instant one), and *Carroll v. Toele*, No. 20-CV-79 BAS (RBM) (S.D. Cal. filed Jan. 10,

3  2020) (the "Civil Rights Action"), a civil rights case filed pursuant 42 U.S.C. § 1983 that

4  currently remains pending.  Pet. at 1.

5  **ANALYSIS**

6  Rule 4 of the Rules Governing § 2254 Cases provides that: "If it plainly appears

7  from the petition and any attached exhibits that the petitioner is not entitled to relief in the

8  district court, the judge must dismiss the petition and direct the clerk to notify the

9  petitioner."  Rule 4, 28 U.S.C. foll. § 2254.  In this case, it is plain from the Petition that

10  Petitioner is not presently entitled to federal habeas relief because he has not satisfied the

11  filing fee requirement, has not used a court-approved petition form, and has not alleged

12  that the potential restoration of custody credits would "necessarily" impact the length of

13  his custody.

14  First, Petitioner has failed to pay the $5.00 filing fee or to submit a request to proceed

15  *in forma pauperis*.  Because this Court cannot proceed until Petitioner either has paid the

16  $5.00 filing fee or has qualified to proceed *in forma pauperis*, the Court **DISMISSES**

17  **WITHOUT PREJUDICE** the case.

18  Second, a Petition for Writ of Habeas Corpus must be submitted in accordance with

19  the Local Rules of the Southern District of California.  *See* Rule 2(c), 28 U.S.C. foll § 2254;

20  *see also* S.D. Cal. Civ LR HC.2(b).  To comply with the Local Rules, the petition must be

21  submitted upon a court-approved form and in accordance with the instructions approved

22  by the Court.  Petitioner has not submitted his Petition on a court-approved form.

23  Third, the instant Petition seeks a release from custody and challenges the conditions

24  of Petitioner's confinement.  "[W]hen a state prisoner is challenging the very fact or

25  duration of his physical imprisonment, and the relief he seeks is a determination that he is

26  entitled to immediate release or a speedier release from that imprisonment, his sole federal

27  remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A

28  civil rights action pursuant to 42 U.S.C. § 1983 "is a proper remedy for a state prisoner

1  who is making a constitutional challenge to the conditions of his prison life, but not to the

2  fact or length of his custody." *Id*. at 499.  While restoration of custody credits would fall

3  within habeas review if it were to result in immediate or earlier release from custody, if

4  "the restoration of good-time credits would not necessarily affect the length of time to be

5  served, then the claim falls outside the core of habeas and may be brought in § 1983."

6  *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) (citing *Muhammad v.*

7  *Close*, 540 U.S. 749, 754–55 (2004)).

8       Petitioner does not offer specifics as to whether his claims alleging the loss of

9  custody credits or the failure properly to calculate his sentence of conviction, if granted,

10  would result in earlier or immediate release from custody.  In fact, in the Prior Petition

11  referenced in the instant Petition, the Court noted that the record presented by Petitioner

12  reflects he is serving an indeterminate sentence of life in prison under California's Three

13  Strikes Law and that it is unlikely a restoration of custody credits would affect the duration

14  of his sentence.[1]  *See* Prior Pet. at 60; Order Dismissing Petition Without Prejudice at 3,

15  *Carroll v. Pollard*, No. 20-CV-10 BAS (BGS) (S.D. Cal. filed Jan. 16, 2020), ECF No. 4

16  (the "Prior Habeas Order").  The remainder of Petitioner's claims challenge the conditions

17  of his prison life and would not "necessarily" impact the length of his custody.  *Nettles*,

18  830 F.3d at 929; *see also Preiser*, 411 U.S. at 499.  Petitioner was instructed in his previous

19  habeas case that claims which fall outside the core of habeas corpus must be brought, if at

20  all, in a civil rights case under 42 U.S.C. § 1983, *see* Prior Habeas Order at 2–3, and he

21  ///

___

[1] The Second Amended Petition in the prior habeas case was dismissed without further leave to amend but without prejudice to Petitioner filing a new habeas case in this Court challenging the loss of custody credits while housed in this District, assuming he could overcome the failure adequately to plead that success on the merits of his claims would result in immediate or speedier release from custody.  Order Dismissing Second Amended Petition Without Prejudice and Without Leave to Amend at 3–4, *Carroll v. Pollard*, No. 20-CV-10 BAS (BGS) (S.D. Cal. filed Aug. 10, 2020), ECF No. 11.  He also was instructed that his challenge to the recalculation of his sentence of conviction under Proposition 36 should be brought, if at all, in the District where that challenge was adjudicated, *i.e.*, the Central District of California. *Id*.

1    filed the currently-pending 42 U.S.C. § 1983 case referenced in the instant Petition.  *See*

2    Civil Rights Action.

3         While Petitioner's claims, as pled, are not cognizable in habeas review, the Ninth

4    Circuit has provided that "a district court may construe a petition for habeas corpus to plead

5    a cause of action under § 1983 after notifying and obtaining informed consent from the

6    prisoner." *Nettles*, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face,

7    meaning that it names the correct defendants and seeks the correct relief, the court may

8    recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the

9    conversion and provides an opportunity for the litigant to withdraw or amend his or her

10   complaint.").  The Court declines to construe Petitioner's action as a civil rights complaint

11   pursuant to 42 U.S.C. § 1983 because he already has such an action pending in this Court.

12   Although his place of confinement has been changed since he filed the prior action from

13   R.J. Donovan Correctional Facility in this District to Mule Creek State Prison in the Eastern

14   District of California, even to the extent he has new or additional allegations regarding the

15   conditions of confinement at his new institution, his Petition is not amenable to conversion

16   because Petitioner has named the Warden of his new institution as the only Respondent but

17   does not make any specific allegations against the Warden.  *See Leer v. Murphy*, 844 F.2d

18   628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on

19   the duties and responsibilities of each individual defendant whose acts or omissions are

20   alleged to have caused a constitutional deprivation.")

21        In addition, a review of Petitioner's litigation history reflects he has had three prior

22   prisoner civil actions dismissed for being frivolous, malicious, or failing to state a claim

23   upon which relief may be granted.  *See Carroll v. Ahboot*, No. 16-CV-1853 LAB (MDD),

24   2017 WL 104596, at *3 n.1 (S.D. Cal. Jan. 11, 2017) (collecting cases); *see also* 28 U.S.C.

25   § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil

26   action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

27   while incarcerated or detained in any facility, brought an action or appeal in a court of the

28   United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")  As such, the Court also declines to convert the instant Petition into a civil rights complaint because it might expose Petitioner to the PLRA, which would bar him from proceeding *in forma pauperis* and would make the civil filing fee payable in full upon filing unless Petitioner demonstrates that he is under imminent danger of serious physical injury.  *Bruce v. Samuels*, 577 U.S. ___, 136 S. Ct. 627, 630 (2016).

### CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** the Petition.  If Petitioner wishes to challenge the loss of time or credits affecting the length or fact of his custody as a result of actions taken while he was housed in this District, he must, **no later than October 26, 2020**, (1) file a First Amended Petition on a court-approved form that sets forth a cognizable habeas corpus claim; **and** (2) either (a) pay the $5.00 filing fee, or (b) submit an application to proceed *in forma pauperis*.  The Clerk of Court **SHALL SEND** Petitioner a blank 28 U.S.C. § 2254 amended habeas petition form and a blank *in forma pauperis application* with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  August 25, 2020

Hon. Janis L. Sammartino
United States District Judge

5

20cv00010 BAS (BGS)