UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                    Petitioner,<br><br>v.<br><br>RALPH DIAZ, Warden,<br><br>                    Respondent. | Case No.: 20-CV-1651 JLS (MDD)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND** |

On August 24, 2020, Petitioner Tremayne Carroll, a state prisoner housed in the Eastern District of California and proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See generally* ECF No. 1 ("Pet."). He claimed his federal constitutional rights were violated by inadequate medical care; retaliatory destruction of his legal papers; interference with his access to the courts; a failure to accommodate his disabilities; and a failure properly to calculate his sentence, including erroneous application and loss of custody credits and a failure properly to recalculate his sentence of conviction in the Central District of California in light of his request for relief under Propositions 36 and 57. Pet. at 1–6. He referenced two other cases he has filed in this Court, *Carroll v. Pollard*, No. 20-CV-10 BAS (BGS) (S.D. Cal. filed Jan. 2, 2020) (the "Prior Habeas Action"), a habeas case filed pursuant to 28 U.S.C. § 2254 that was dismissed without leave to amend but without prejudice to file a new habeas petition,

1

apparently the instant one, and *Carroll v. Toele*, No. 20-CV-79 BAS (RBM) (S.D. Cal. filed Jan. 10, 2020), a civil rights case filed pursuant to 42 U.S.C. § 1983 that currently remains pending. Pet. at 1.

On August 25, 2020, the Court dismissed the Petition without prejudice and with leave to amend because Petitioner had not paid the filing fee or submitted an application to proceed *in forma pauperis* and because Petitioner had failed to use a court-approved petition form. *See generally* ECF No. 2. The Court also noted in that Order that: (1) to the extent Petitioner wished to proceed with claims regarding the conditions of his confinement, they are not cognizable on federal habeas and should be pursued, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983; (2) to the extent Petitioner wished to proceed with claims challenging the denial of his Proposition 36 and 57 claims seeking resentencing with respect to his conviction and sentence from the Los Angeles Superior Court, the venue for those federal habeas claims lies in the Central District of California and not the Southern District of California and, consequently, he should pursue such claims, if at all, in the Central District; and (3) to the extent Petitioner wished to proceed with a federal habeas challenge to the loss of custody credits that occurred while he had been housed in the Southern District of California, he could file a First Amended Petition in this action in an attempt to allege the loss of such custody credits impacted the length of his custody. *Id*. at 2–4. Petitioner was provided an *in forma pauperis* application form and an amended petition form. *Id*. at 5.

On September 3, 2020, Petitioner filed a motion to proceed *in forma pauperis*. *See generally* ECF No. 3. The Court denied that motion on September 8, 2020, on the basis that Petitioner had not followed the Court's instructions by supporting his motion with a certified copy of his trust account statement. *See generally* ECF No. 4.

On September 8, 2020, Petitioner filed a First Amended Petition. *See generally* ECF No. 5 ("Am. Pet."). In direct defiance of this Court's original Order of dismissal, Plaintiff seeks to challenge the denial of his Proposition 36 and 57 challenges to his sentence

///

imposed in the Los Angeles Superior Court and conditions of his confinement but not the loss of custody credits that occurred in this District. *Id*. at 6–10.

As the Court previously notified Petitioner in the prior Order of dismissal, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A civil rights action pursuant to 42 U.S.C. § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id*. at 499. While restoration of custody credits would fall within habeas review if it were to result in immediate or earlier release from custody, if "the restoration of good-time credits would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) (citing *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004)).

The Court notified Petitioner in the prior Order of dismissal that he had failed to offer specifics as to whether his claims alleging the loss of custody credits, if granted, would result in earlier or immediate release from custody. ECF No. 2 at 4–5. In fact, the Court noted that the record presented by Petitioner in the Prior Habeas Case referenced in the original Petition in this matter reflects that Petitioner is serving an indeterminate sentence of life in prison under California's Three Strikes Law and it is unlikely a restoration of custody credits would affect the duration of his sentence. *See* Prior Habeas Case, ECF No. 1 at 60; Prior Habeas Case, ECF No. 4 at 3.[1] The Court also instructed

---

[1] The second amended petition in the Prior Habeas Case was dismissed without further leave to amend but without prejudice to Petitioner filing a new habeas case in this Court to challenge the loss of custody credits while housed in this District, assuming he could overcome the failure adequately to plead that success on the merits of his claims would result in immediate or speedier release from custody. Prior Habeas Case, ECF No. 11 at 3–4. As in the original Order of dismissal in this case, Petitioner was also instructed in the Prior Habeas Case that his challenge to the recalculation of his sentence of conviction under Proposition 36 should be brought, if at all, in the district where that challenge had been adjudicated,

1  Petitioner that the remainder of his claims challenged the conditions of his prison life and
2  would not "necessarily" impact the length of his custody; consequently, those claims fall
3  outside the core of habeas corpus and must be brought, if at all, in a civil rights case under
4  42 U.S.C. § 1983.  ECF No. 2 at 4–5.

5  The Court dismissed the Petition in this action without prejudice to Petitioner to file
6  a First Amended Petition on a court-approved form that sets forth a cognizable habeas
7  corpus claim and satisfy the filing fee requirement.  *Id*. at 5.  Rather than attempt to cure
8  the defect of pleading by presenting a claim regarding the loss of custody credits that
9  occurred in this District and that, if restored, would necessarily impact the length of his
10 custody, Plaintiff has filed a First Amended Petition that presents only claims regarding
11 the conditions of his confinement and challenging his resentencing proceedings that took
12 place in the Central District of California.

13 Because the First Amended Petition does not present a cognizable federal habeas
14 claim for which venue lies in this District, the First Amended Petition is **DISMISSED**.
15 Because Petitioner has repeatedly been informed of this pleading defect, in both this case
16 and his Prior Habeas Case in this District, and is unwilling or unable to cure the defect, the
17 dismissal is **WITHOUT FURTHER LEAVE TO AMEND**.  The dismissal is without
18 prejudice to Petitioner pursuing either his challenge to his sentence of conviction in the
19 Central District or his conditions of confinement claims in a civil rights action.

20 **IT IS SO ORDERED.**

22 Dated:  September 14, 2020

                                    Hon. Janis L. Sammartino
                                    United States District Judge

---

28 *i.e.*, the Central District of California.  *Id*.  Thus, Petitioner has now been notified twice of these defects of pleading.