UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                     Petitioner,<br><br>v.<br><br>RALPH DIAZ; COVELLO; et al.,<br><br>                     Respondents. | Case No.: 20-CV-1651 JLS (MDD<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL**<br><br>(ECF No. 9) |

Presently before the Court is Petitioner Tremayne Carroll's Objection to Court's Order/Ruling (Dismissal), Petition for Reconsideration and Appointment of Counsel ("Mot.," ECF No. 9), which the Court has construed as a motion for: (1) reconsideration of both the Court's September 8, 2020 Order denying Petitioner's *in forma pauperis* ("IFP") application (the "First Order," ECF No. 4) and the Court's September 14, 2020 Order dismissing Petitioner's First Amended Petition ("FAP," ECF No. 5) without prejudice and without further leave to amend (the "Second Order," ECF No. 6); and (2) appointment of counsel. Having carefully considered the underlying Orders, Petitioner's arguments, and the relevant law, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

The Court incorporates by reference the factual and procedural background as detailed in the Second Order. *See generally* ECF No. 6. The Clerk entered judgment in

this action on September 14, 2020. *See* ECF No. 7. Petitioner filed the instant Motion on September 28, 2020. *See generally* ECF No. 9.

## LEGAL STANDARDS

### I. Reconsideration

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

### II. Appointment of Counsel

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Even so, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may receive court-appointed counsel when "the interests of justice so require," as determined by the court. 18 U.S.C. § 3006A(a)(2)(B); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir.

2015); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id*. at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Appointment of counsel is discretionary when no evidentiary hearing or discovery is necessary. *Terrovona*, 912 F.2d at 1177.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. *Id*. In addition, the appointment of counsel may be necessary if the petitioner is of such limited education as to be incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). When the issues involved in a section 2254 habeas action can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a motion for appointment of counsel. *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986).

## ANALYSIS

Per Petitioner's Motion, "[he] respectfully objects to Court[']s order dismissing case when Petitioner, only hours ago, received both 09/08/20 and 09/14/20 rulings at the same time." Mot. at 1. As to the First Order, Petitioner claims he "exhausted every avenue to try to obtain (6) month trust statement for IFP but was blocked by CDCR's many circumvention measures." *Id.* Petitioner claims he cited his previously filed cases "to show there[']s already an IFP in place." *Id.* at 2.

While the Court is sympathetic to the difficulties Petitioner has faced in obtaining the certified copy of his trust fund account statement, the fact remains that it is a requirement for this Court to approve his application. Section 1915(a)(2) of Title 28 of the United States Code provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or

        security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The word "shall" in this provision is mandatory. *See Firebaugh Canal Co. v. United States*, 203 F.3d 568, 573–74 (9th Cir. 2000) ("The term "shall" is usually regarded as making a provision mandatory, and the rules of statutory construction presume that the term is used in its ordinary sense unless there is clear evidence to the contrary.") (citing *Bennett v. Spear,* 520 U.S. 154 (1997)). Accordingly, the failure to submit the statutorily required documentation is fatal to Petitioner's request. *See, e.g.*, *Arroyo v. United States*, 876 F. Supp. 1054, 1058 (E.D. Wis. 1995) ("[Petitioner] has failed to provide a Certificate of Prisoner Accounts signed by prison authorities. The Court, therefore, is unable to determine whether he meets the statutory poverty requirement under § 1915(a)."). And, while the Court appreciates that Petitioner may have been granted IFP status in other cases, that does not excuse the requirement that Petitioner submit the required application and supporting documentation in this action to verify his present financial position, which could have changed since the time Petitioner last was granted IFP status. The Court, therefore, did not commit clear error in denying without prejudice Petitioner's IFP application, and Petitioner has raised no other grounds entitling him to reconsideration of the IFP denial.

      As to the Second Order, Petitioner's Motion revisits some of the merits arguments from his FAP. Mot. at 2–3. But Petitioner presents no new evidence or newly decided controlling case law that could not have been raised earlier; accordingly, reconsideration is not merited on these grounds. Nor was the Court's dismissal without prejudice to refiling but without further leave to amend clearly erroneous. In an August 25, 2020 Order, the Court thoroughly explained why "Petitioner's claims, as pled, are not cognizable in habeas review." ECF No. 2 at 3–4. Indeed, the Court noted that "Petitioner was instructed in his previous habeas case that claims which fall outside the core of habeas corpus must be

brought, if at all, in a civil rights case under 42 U.S.C. § 1983, and he filed the currently-pending 42 U.S.C. § 1983 case referenced in the instant Petition." *Id.* (citations omitted). The August 25, 2020 Order plainly stated:

> If Petitioner wishes to challenge the loss of time or credits affecting the length or fact of his custody as a result of actions taken while he was housed in this District, he must . . . file a First Amended Petition on a court-approved form that sets forth a cognizable habeas corpus claim.

*Id.* at 5. Petitioner does not claim to have not received the August 25, 2020 Order before filing his FAP, yet the FAP, "[i]n direct defiance of this Court's original Order of dismissal, . . . seeks to challenge the denial of [Petitioner's] Proposition 36 and 57 challenges to his sentence imposed in the Los Angeles Superior Court and conditions of his confinement but not the loss of custody credits that occurred in this District." Second Order at 2–3. The Court thus dismissed the FAP, "[b]ecause [it] does not present a cognizable federal habeas claim for which venue lies in this District." *Id.* at 4. This dismissal was "without prejudice to Petitioner pursuing either his challenge to his sentence of conviction in the Central District or his conditions of confinement claims in a civil rights action." *Id.* In light of Petitioner's failure to cure the defects identified on August 25, 2020, and the fact that Petitioner had been repeatedly informed of these defects, including in a prior action, the Second Order's dismissal was not clearly erroneous.

Accordingly, having again reviewed the filings and relevant law, the Court concludes that it did not commit clear error in either denying Petitioner's IFP application or dismissing his FAP without prejudice but also without further leave to amend. The Court therefore **DENIES** Petitioner's request that the Court reconsider the First and Second Orders.

As to appointment of counsel, Petitioner states that "this Court is denying an ADA inmate/patient with hearing, visual, mobility and mental health/EOP issues appointment of counsel." *Id.* at 2. He states that "Petitioner is not a lawyer yet this Court cites rules and

///

cases he can[']t access to begin to understand—in 99% part due to retaliation and 1% due to no law library until COVID-19 is no longer an issue." *Id.*

Again, the Court is sympathetic to the difficulties Petitioner identifies, but the Court cannot grant Petitioner's motion to appoint counsel, as his request is moot given the dismissal of Petitioner's FAP without leave to amend and the Court's refusal to reconsider that request. *See, e.g.*, *Bjorstrom v. Kernan*, No. 16CV151-MMA (WVG), 2017 WL 553377, at *2 (S.D. Cal. Feb. 10, 2017) (denying as moot motion to appoint counsel where petition was "subject to dismissal"); *Hasan v. Cate*, No. CIV. 10-1416 W BGS, 2011 WL 2470583, at *1 (S.D. Cal. May 31, 2011) (recommending motion to appoint counsel be denied as moot where "the case is to be dismissed"), *report and recommendation adopted sub nom. Hasan v. Cates*, No. 10-CV-1416 W BGS, 2011 WL 2470495 (S.D. Cal. June 22, 2011).

Even were the motion not moot, the Court would deny Petitioner's request on the record presently before it, as Petitioner has not shown that he is financially eligible for court-appointed counsel. Only indigent prisoners are potentially entitled to court-appointed counsel, but Petitioner has not established his indigence, as he has failed to provide the documentation necessary for this Court to grant his IFP application. *Hearn v. Schriro*, No. CV 08-448-PHX-MHM, 2011 WL 1237543, at *17 (D. Ariz. Mar. 31, 2011) (denying motion to appoint counsel where "the Court is without sufficient information to determine if Petitioner is indigent," and ordering Petitioner "to document his financial condition"). Accordingly, the Court also **DENIES** Petitioner's request to appoint counsel.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Motion (ECF No. 9).

**IT IS SO ORDERED.**

Dated: November 16, 2020

Hon. Janis L. Sammartino
United States District Judge