UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                    Petitioner,<br><br>v.<br><br>RALPH DIAZ; COVELLO; et al.,<br><br>                    Respondents. | Case No.: 20-CV-1651 JLS (MDD<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Tremayne Carroll filed his Petition for Writ of Habeas Corpus on August 24, 2020. *See* ECF No. 1. On August 25, 2020, the Court dismissed with leave to amend due to Petitioner's failure to (1) pay the filing fee or move to proceed *in forma pauperis* ("IFP"), (2) submit his petition on a court-approved form, and (3) set forth a cognizable federal habeas claim for which venue lies in this District. *See generally* ECF No. 2. On September 3, 2020, Petitioner filed his motion for leave to proceed IFP, *see* ECF No. 3, and on September 8, 2020, Petitioner filed his First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("First Amended Petition"). *See* ECF No. 5. On September 14, the Court dismissed the First Amended Petition without further leave to amend for again failing to present a cognizable federal habeas claim for which venue lies in this District. *See generally* ECF No. 6. That same day, the Clerk entered judgment in this action. *See* ECF No. 7. On September 28, 2020, Petitioner Tremayne Carroll filed an

objection to the dismissal order that the Court construed as a motion for reconsideration, *see* ECF No. 9, which this Court denied on November 16, 2020, *see* ECF No. 10. On December 7, 2020, Petitioner filed a Notice of Appeal. *See* ECF No. 11. On December 18, 2020, the United States Court of Appeals for the Ninth Circuit issued an order remanding the case to this Court "for the limited purpose of granting or denying a certificate of appealability" ("COA"). ECF No. 13 at 1 (citations omitted).

A state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a COA. 28 U.S.C. § 2253(c). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* "Because both of these components are necessary to obtain a certificate of appealability, the U.S. Supreme Court has encouraged district courts to address the procedural prong first." *Alatorre v. Figaroa*, No. 13-CV-1622 JLS MDD, 2014 WL 3908618, at *1 (S.D. Cal. Aug. 11, 2014) (citing *Slack,* 529 U.S. at 485; *Petrocelli v. Angelone,* 248 F.3d 877, 884 & n.6 (9th Cir. 2001)).

Here, the Court concludes that no jurist of reason would find it debatable whether the Court was correct in its procedural ruling that Petitioner failed to present a cognizable
/ / /
/ / /

federal habeas claim for which venue lies in this District; consequently, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: January 26, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge